1
2
3

Estrella Costales, Pro Se
12796 Isocoma Street
San Diego, CA 92129
858 484 0114

FILED

08 JUN 18 PM 2:04

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _Ece_    DEPUTY

4

5       **IN THE UNITED STATES DISTRICT COURT**

6       **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

7

8   _____

ESTRELLA COSTALES, _Pro Se_        )

9            Plaintiff,            )

10                                 )    CASE NO. **08 CV 1079 / JMA**

11  Vs.                            )

12                                 )

13  AMERICA'S SERVICING CO., and   )

14  LOAN CENTER OF CALIFORNIA       )    **VERIFIED COMPLAINT**

15  SPECIALIZED LOAN SERVICES       )    **AND EMERGENCY MOTION**

16          Defendants.            )    **FOR EX PARTE TEMPORARY**

17                                 )    **RESTRAINING ORDER**

18  _____)

19

20              VERIFIED COMPLAINT

21  AND EMERGENCY MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER

22

23      COMES NOW the Plaintiff, ESTRELLA COSTALES, pro-se, and

24  sues Defendants AMERICA'S SERVICING CORP.; LOAN CENTER OF

25  CALIFORNIA, INC., and SPECIALIZED LOAN SERVICES, and as grounds

26  therefore would state as follows:

27              **PRELIMINARY STATEMENT**

28                      1.

This Complaint is filed under the Truth in Lending Act, 15 U.S.C. section 1601 hereinafter called the "Act") to enforce the plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in the Plaintiff's homes, and to recover statutory damages, reasonable fees and cost by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. section 226 (hereinafter called "Regulation Z"). Plaintiff also seeks damages for Defendant's violations of the Deceptive and Unfair Trade Practices Act 15 U.S.C. chapter 2 subchapter 1 section 45.

## JURISDICTION

2.

Jurisdiction is conferred on this Court by 15 U.S.C. section 1640 (e) and 28 U.S.C. sections 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. section 2201.

## PARTIES

3.

The Plaintiff, ESTRELLA COSTALES, is natural person residing at 12796 Isocoma St, San Diego, California 92129

4.

Defendant AMERICA'S SERVICING COMP. CORP., is a corporation organized and existing pursuant to the Laws of the state of California, engaged in the business of mortgage financing at P.O. Box 60768, Los Angeles, CA 90060, and Defendant LOAN CENTER

1  OF CALIFORNIA, INC is a corporation organized and existing

2  pursuant to the laws of the state of California, engaged in the

3  business of mortgage financing at One Harbor Center, Suite 188,

4  Suisun City, CA 94585, and SPECIALIZED LOAN SERVICING is a

5  corporation organized and existing pursuant to the Laws of the

6  state of California, engaged in the business of mortgage

7  financing at 8742 Lucent Blvd., Suite 300, Highlands Ranch, CO

8  80129

9                                      6.

10     At all times material hereto, the Defendants, in their

11  ordinary course of its business, regularly extended, or offered

12  to extend, consumer credit, for which a finance charge is or may

13  be imposed or which, by written agreement, is payable in more

14  than four installments.

15

16                          **FACTUAL ALLEGATIONS**

17                                      7.

18     On or about March 24, 2006, Plaintiff entered into a

19  consumer credit transaction ("the transaction") with Defendants

20  in which the extended consumer credit was subject to a finance

21  charge and which was initially payable to the Defendants.

22

23                                      8.

24     A true and correct copy of the credit agreement evidencing

25  the transaction is attached hereto, marked as **PLAINTIFF'S**

26  **EXHIBIT A,** and by reference is incorporated herein.

27                                      9.

28

e. Clearly and conspicuously disclosed the effects of the transaction.

f. Clearly and conspicuously disclosed the date the rescission period expired.

14.

The disclosure statement issued in conjunction with this consumer credit transaction, and attached as **PLAINTIFF'S COMPOSIT EXHIBIT C**, violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

a. By failing to include in the finance charge certain charges imposed by The Defendants payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. section 1605 and Regulation Z, section 226.4, thus improperly disclosing the finance charge in violation of 15 USC section 1638 (a) (3) and Regulation Z section 226.18 (d). Such amounts include, but are not limited to

   i.   The broker fee.
   ii.  The credit report fee, which is not a bona fide and reasonable fee.
   iii. The recording fees in excess of the actual recording fee which are therefore not a "bona fide and reasonable" fee.
   iv.  The settlement or Closing fee.

b. By improperly including certain charges, in the amount financed, which are finance charges, including but not limited to those itemized in Paragraph 12 (a) herein, the Defendants improperly disclosed the amount financed in violation of 15 U.S.C. section 1638 (a) (2) and Regulation Z, section 226.18 (b); and

c. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. section 1606, Regulation Z, section 226.22, the Defendants understated the disclosed annual percentage rate in violation of 15 U.S.C. section 1638 (a) (4) and Regulation Z, section 226.18 (c).

As part of this consumer credit transaction, the Defendants retained a security interest in 12796 Isocoma St, San Diego, California, 92129, which is Plaintiff's home.

10.

The security interest was not created to finance the acquisition or initial construction of Plaintiff's home.

11.

A true and correct copy of the mortgage evidencing the Defendant's security interest is attached hereto, marked **PLAINTIFF'S EXHIBIT B,** and by reference is incorporated herein.

**FIRST CAUSE OF ACTION**

12.

This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. section 1635 and Regulation Z, 12 C.F.R. section 226.23.

13.

In the course of the consumer credit transaction Defendants violated 15 U.S.C. Section 1635 (a) and Regulation Z section 226.23 (b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that:

      a. Identified the transaction.
      b. Clearly and conspicuously disclosed the security interest in the Plaintiff's home.
      c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.
      d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose designating the address of Defendant's place of business.

15.

The disclosures improperly made by Defendants as itemized in paragraph 13 are material disclosures as defined in the Truth in Lending Act, 15 U.S.C. section 1602 (u), Regulation Z226.23 n. 48.

16.

The finance charge and APR were under disclosed by more that the tolerance Levels set forth in U.S.C. section 1635 (f).

17.

By reason of the material violations of 15 U.S.C. section 1638, Plaintiff has a right of rescission for three years from the date of consummation of the loan pursuant to U.S.C. (f).

18.

Plaintiff rescinded the transaction by sending to Defendants at their business address by mail a notice of rescission.

19.

More than 20 calendar days have passed and Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under this transaction, including the security interest describe as required by 15 U.S.C. section 1635 (b) and Regulation Z section 226.23 (d) (2).

20.

The Defendants have failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including

the Defendants, as required by 15 U.S.C. 1635 (b) and Regulation Z 226.23 (d) (2).

21.

As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. sections 1635 (a), 1640 (a), and 1641 (c), Defendants are liable to Plaintiff for:

       a. Rescission of this transaction.
       b. Termination of any security interest in Plaintiff's property created under the transaction
       c. Return of any money or property given by the Plaintiff to anyone including the Defendants, in connection with this transaction.
       d. Statutory damages for disclosure violations.
       e. Statutory damages for failure to respond properly to Plaintiff's rescission notice.
       f. Forfeiture of return of loan proceeds.
       g. Actual damages in an account to be determined at trial.
       h. Costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case.
2. Declare the security interest in Plaintiff's home void.
3. Rescind the subject loan transaction.
4. Order Defendants to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declares all such security interest void, including but not limited to the mortgage related to the subject transaction.
5. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including Defendants, in connection with the transaction.
6. Enjoin Defendants, during the pendency of this action, and permanently thereafter, from instituting,

prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of the property.

7. Award the Plaintiff statutory damages for the disclosure violation, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. section 1640 (a).;

8. Award the Plaintiff statutory damages for Defendant's failure to respond properly to the Plaintiff's rescission notice, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. 1640 (a).

9. Order that, because of Defendant's failure to respond to the Plaintiff's notice of rescission, the Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiff's claims, and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award Plaintiff costs

12. Award such other and further relief as the Court deems just and proper.

**VERIFICATION**

Plaintiff/Affiant declares that she has read the foregoing Verified Complaint and under penalty of perjury that the foregoing facts and allegations as contained therein are true and correct.

*Eshella Costales*

Estrella Costales, Pro Se Plaintiff/Affiant
12796 Isocoma Steet
San Diego, CA 92129
Phone (858)484-0114

# EXHIBIT A

**SETTLEMENT STATEMENT**

| A.  U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT  OMB No. 2502-0265 | B. |
|---|---|
| | Type of Loan:  Refinance |
| | File Number:  25060158 |
| | Loan Number:  06-30678 |
| | Mortgage Insurance Case No.: |

C. NOTE:    This form is furnished to give you a statement of actual settlement costs. Amounts paid to and
by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they
are shown here for informational purposes and are not included in the totals.

D. NAME OF BORROWER:    Estrella A. Costales
ADDRESS OF BORROWER: 12796 Isocoma Street   San Diego, CA  92129

E. NAME OF SELLER:
ADDRESS OF SELLER:

F. NAME OF LENDER:      Loan Center of California, Inc.
ADDRESS OF LENDER:    One Harbor Center, Suite 188   Suisun City, CA  94585

G. PROPERTY LOCATION:    12796 Isocoma Street   San Diego, CA  92129-3609

H. SETTLEMENT AGENT:    New Century Title Company          I.  SETTLEMENT DATE: 03/24/2006
PLACE OF SETTLEMENT:    27290 Madison Avenue, Suite 300   Temecula, CA 92590

| | J.  SUMMARY OF BORROWER'S TRANSACTION | | K.  SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|---|
| 100 | **GROSS AMOUNT DUE FROM BORROWER** | | | |
| 101 | Contract Sales Price | | | |
| 102 | Misc Adjustments | | | |
| 103 | Settlement charges to borrower (line 1400) | 23,659.45 | | |
| 104 | Payoff of Principal Balance(s) | 358,436.08 | | |
| 105 | 405 | | | |
| | Adjustments for items paid by seller in advance | | | |
| 106 | County Taxes | | | |
| 107 | City/town taxes | | | |
| 108 | Assessments | | | |
| 109 | Rents | | | |
| 110 | Homeowners Association | | | |
| 111 | Interest | | | |
| 112 | Insurance | | | |
| 113 | | | | |
| 114 | | | | |
| 115 | | | | |
| | | | | |
| 120 | **Gross Amount Due From Borrower** | 382,095.53 | | |
| 200 | **AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | | |
| 201 | Deposit of Earnest Money | | | |
| 202 | Principal Amount of New Loan | 472,500.00 | | |
| 202 | Principal Amount of New Loan | 158,000.00 | | |
| 203 | Existing loan(s) taken subject to | | | |
| 204 | | | | |
| 205 | | | | |
| 206 | Adjustments | | | |
| 207 | | | | |
| 208 | | | | |
| 209 | Loan by Seller | | | |
| | Adjustments for items unpaid by seller | | | |
| 210 | County taxes | | | |
| 211 | City/Town Taxes | | | |
| 212 | Assessments | | | |
| 213 | | | | |
| 214 | | | | |
| 215 | | | | |
| 216 | | | | |
| 217 | | | | |
| 218 | | | | |
| 219 | Paid Outside Escrow | | | |
| 220 | **Total Paid By/For Borrower** | 630,500.00 | | |

# EXHIBIT B

File Number: 25060158                    **Attached Detail Statement**
03/24/2006 02:03:20 PM

③

| Principals Recap: | | |
|---|---|---|
| Borrower     Estrella A. Costales | | |

| Disbursement Details: | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | |
|---|---|---|
| **Loan to Loan Center of California, Inc.  158,000.00** | | |
| Loan Discount to Loan Center of California, Inc. | 2,765.00 | |
| Underwriting Fee to Loan Center of California, inc. | 275.00 | |
| Document Fee to Loan Center of California, Inc. | 180.00 | |
| Admin. Fee to Loan Center of California, Inc. | 145.00 | |
| Interest in Advance 03/23/2006 thru 03/31/2006 to Loan Center of California, Inc. | 438.29 | |
| Total charges for this loan | 3,803.29 | |
| | | |
| **Payoff to Option One** | | |
| Payoff of Principal Balance(s) to Option One | 348,280.14 | |
| Accrued Interest 3/1/06 through 3/27/06 to Option One | 1,694.86 | |
| Prepayment to Option One | 8,461.08 | |
| Total charges for this payoff | 358,436.08 | |
| | | |



| File Number | 25060158 | | (Borrower's) |
|---|---|---|---|
| | **L. SETTLEMENT CHARGES** | | |
| **700** | **TOTAL SALES/BROKER'S COMMISSION based on price $** | **PAID FROM** | |
| | Division of Commission (line 700) as follows: | **BORROWER'S** | |
| 701 | $ | **FUNDS AT** | |
| 702 | $ | **SETTLEMENT** | |
| 703 | Commission Paid at Settlement | | |
| | | | |
| **800** | **ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801 | Loan Origination fee to Stonewood Consulting | 9,450.00 | |
| 802 | Loan Discount to Loan Center of California, Inc. | 1,181.25 | |
| 803 | Appraisal fee  POC $450.00 to Stonewood Consulting | | |
| 804 | Credit report to Stonewood Consulting | 15.00 | |
| 805 | Processing Fee to JDS Processing | 600.00 | |
| 806 | Underwriting Fee to Loan Center of California, Inc. | 275.00 | |
| 807 | Flood Certification Fee to Loan Center of California, Inc. | 20.00 | |
| 808 | Tax Service Contract to Loan Center of California, Inc. | 100.00 | |
| 809 | Document Fee to Loan Center of California, Inc. | 230.00 | |
| 810 | Admin. Fee to Loan Center of California, Inc. | 190.00 | |
| 811 | Wire Fee to Loan Center of California, Inc. | 65.00 | |
| 812 | Appraisal Review Fee to Loan Center of California, Inc. | 35.00 | |
| 813 | Application Fee to Stonewood Consulting | 150.00 | |
| | Other Charges                                        * | 3,365.00 | |
| | | | |
| **900** | **ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901 | Interest in Advance 03/23/2006 thru 03/31/2006 to Loan Center of California, Inc. | 902.93 | |
| 902 | Redraw Fee to Loan Center of California, Inc. | 200.00 | |
| 903 | Fire Insurance Premium | | |
| 904 | Flood Insurance Premium for | | |
| | Other Charges                                        * | 438.29 | |
| | | | |
| **1000** | **RESERVES DEPOSITED WITH LENDER** | | |
| 1001 | Hazard Insurance Impounds 2 months @ $157.50 per month to Loan Center of California, Inc. | 315.00 | |
| 1002 | County Property Taxes 2 months @ $562.50 per month to Loan Center of California, Inc. | 1,125.00 | |
| 1003 | Mortgage Insurance | | |
| 1004 | City Property Taxes | | |
| 1005 | Annual assessments | | |
| 1006 | | | |
| | | | |
| **1100** | **ESCROW CHARGES** | | |
| 1101 | Escrow Fee to New Century Title Company | 550.00 | |
| 1102 | Loan Tie-In Fee | | |
| 1103 | Courier/Overnight Fee to New Century Title Company | 30.00 | |
| 1104 | Document Preparation Fee to New Century Title Company | 50.00 | |
| 1105 | Wire Fee | | |
| 1106 | Hold for Final Audit | | |
| 1107 | Subordination Agreement Processing | | |
| | | | |
| **1108** | **TITLE CHARGES** | | |
| 1109 | Owner's Policy  of Title Insurance | | |
| 1110 | Lender's  Policy  of Title Insurance to New Century Title Company - Riverside Ti | 1,393.00 | |
| 1111 | Lender's Policy  of Title Insurance to New Century Title Company - Riverside Ti | 100.00 | |
| 1112 | Endorsement Fee(s) to New Century Title Company - Riverside Ti | 50.00 | |
| 1118 | Courier/Overnight Fee to New Century Title Company - Riverside Ti | 30.00 | |
| 1120 | E-Mail Documents to New Century Title Company | 50.00 | |
| 1121 | E-Mail Processing/Copying to New Century Title Company | 100.00 | |
| 1124 | 2nd Loan Escrow Fee to New Century Title Company | 100.00 | |
| | | | |
| **1200** | **GOVERNMENT RECORDING & TRANSFER CHARGES** | | |
| 1201 | Recording Subordination Agreement(s) | | |
| 1202 | County Transfer Tax | | |
| 1203 | City Transfer Tax | | |

Recording Requested By:
LOAN CENTER OF CALIFORNIA, INC.


And After Recording Return To:
LOAN CENTER OF CALIFORNIA, INC.
ONE HARBOR CENTER, SUITE 188
SUISUN CITY, CALIFORNIA 94585
Loan Number: 06-30678

——————————————— [Space Above This Line For Recording Data] ———————————————

# DEED OF TRUST

MIN: 1001906-0000630678-6

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "Security Instrument" means this document, which is dated MARCH 16, 2006 , together with all Riders to this document.
**(B)** "Borrower" is ESTRELLA A. COSTALES, AN UNMARRIED WOMAN


Borrower is the trustor under this Security Instrument.
**(C)** "Lender" is LOAN CENTER OF CALIFORNIA, INC.

Lender is a CALIFORNIA CORPORATION                                    organized
and existing under the laws of CALIFORNIA
Lender's address is ONE HARBOR CENTER, SUITE 188, SUISUN CITY, CALIFORNIA
94585

**(D)** "Trustee" is NEW CENTURY TITLE COMPANY
3480 VINE ST STE 100, RIVERSIDE, CALIFORNIA 92507

**(E)** "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F)** "Note" means the promissory note signed by Borrower and dated MARCH 16, 2006
The Note states that Borrower owes Lender FOUR HUNDRED SEVENTY-TWO THOUSAND FIVE HUNDRED AND 00/100                        Dollars (U.S. $ 472,500.00           ) plus interest.

---

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS    DocMagic *eRorms* 800-649-1362
Form 3005 01/01                                    Page 1 of 14                                    www.docmagic.com

Ca30051.mzd.1.tem

Loan Center of California
hereby certifies this is a true
and correct copy of the original
Carley Batya

Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than APRIL 1, 2036

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| ☒ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
|---|---|---|
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☒ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | PREPAYMENT RIDER |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY of               SAN DIEGO                :
[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01                                Page 2 of 14                    DocMagic €Formss  800-649-1362
                                                                              www.docmagic.com

Ca30052.mzd.2.tem

Loan Center of California
hereby certifies this is a true
and correct copy of the original
*Carley Botya*

LOT 90 OF PARK VILLAGE ESTATES UNIT NO. 4, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 10966, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JUNE 12, 1984.
A.P.N.: 315-506-25

which currently has the address of    12796 ISOCOMA STREET

[Street]

SAN DIEGO                      , California   92129        ("Property Address"):

[City]                                        [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not

Loan Center of California hereby certifies this is a true and correct copy of the original
*Carley Batya*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_Estrella A. Costales_ _____ (Seal)
ESTRELLA A. COSTALES      -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

Witness:                        Witness:

_____      _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS    DocMagic eFoms  800-649-1362
Form 3005 01/01                                        Page 13 of 14                www.docmagic.com

Ca300513.mzd.13.tem

Loan Center of California
hereby certifies this is a true
and correct copy of the original
                      _Carley Batya_

State of California                              )
                                                ) ss.
County of  SAN DIEGO                             )

On MARCH 19, 2004    before me, DEBORAH S. CHRISTIAN, NOTARY PUBLIC

personally appeared  ESTRELLA A. COSTALES

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

```
┌─────────────────────────────┐
│  DEBORAH S. CHRISTIAN        │
│  Comm. # 1594885             │
│  NOTARY PUBLIC - CALIFORNIA  │
│  Riverside County            │
│  My Comm. Exp. July 28, 2008 │
└─────────────────────────────┘
```

NOTARY SEAL

_____
NOTARY SIGNATURE

DEBORAH S CHRISTIAN
(Typed Name of Notary)

Loan Center of California
hereby certifies this is a true
and correct copy of the original
Carley Botya

MIN: 1001906-0000630678-6          Loan Number: 06-30678

# ADJUSTABLE RATE RIDER
## (LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this 16th day of MARCH, 2006 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to LOAN CENTER OF CALIFORNIA, INC., A CALIFORNIA CORPORATION ("Lender") of the same date and covering the property described in the Security Instrument and located at:

12796 ISOCOMA STREET, SAN DIEGO, CALIFORNIA 92129

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

## A.   INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial interest rate of      7.750 %. The Note provides for changes in the interest rate and the monthly payments, as follows:

## 4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES
(A)   **Change Dates**
The interest rate I will pay may change on the 1st   day of APRIL, 2008           , and on that day every 6th  month thereafter. Each date on which my interest rate could change is called a "Change Date."
(B)   **The Index**
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

---

MULTISTATE ADJUSTABLE RATE RIDER--LIBOR SIX-MONTH INDEX
(AS PUBLISHED IN *THE WALL STREET JOURNAL*)
Single Family--Fannie Mae MODIFIED INSTRUMENT
Form 3138 1/01                          Page 1 of 3

DocMagic *eFormms* 800-649-1362
*www.docmagic.com*

Us31381.rid.1.iem

Loan Center of California hereby certifies this is a true and correct copy of the original
*Carley— Borya*



(C)    **Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO AND 250/1000                    percentage points (    2.250  %) to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments.  The result of this calculation will be the new amount of my monthly payment.

(D)    **Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.750  % or less than    4.750  %.  Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE AND 000/1000                    percentage points (    1.000  %) from the rate of interest I have been paying for the preceding    6    months.  My interest rate will never be greater than 13.750 %.

(E)    **Effective Date of Changes**

My new interest rate will become effective on each Change Date.  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F)    **Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change.  The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B.    TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.**  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.  Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan

MULTISTATE ADJUSTABLE RATE RIDER--LIBOR SIX-MONTH INDEX
(AS PUBLISHED IN *THE WALL STREET JOURNAL*)
Single Family--Fannie Mae MODIFIED INSTRUMENT
Form 3138 1/01                                    Page 2 of 3

*DocMagic €Forms* 800-649-1362
*www.docmagic.com*

Us31382.rid.2.tem

Loan Center of California
hereby certifies this is a true
and correct copy of the original
Carley Batga

assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_Estrella A. Costales_ (Seal)                         _____ (Seal)
ESTRELLA A. COSTALES   -Borrower                                          -Borrower


_____ (Seal)                       _____ (Seal)
                       -Borrower                                          -Borrower


_____ (Seal)                       _____ (Seal)
                       -Borrower                                          -Borrower


MULTISTATE ADJUSTABLE RATE RIDER--LIBOR SIX-MONTH INDEX
(AS PUBLISHED IN *THE WALL STREET JOURNAL*)
Single Family--Fannie Mae MODIFIED INSTRUMENT
Form 3138 1/01                          Page 3 of 3

DocMagic *eFerms* 800-649-1362
www.docmagic.com

Loan Center of California
hereby certifies this is a true
and correct copy of the original
_Carley Botya_

Us3138.3.rid.3.tem

**EXHIBIT "A"**

**LOT 90 OF PARK VILLAGE ESTATES UNIT NO. 4, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 10966, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JUNE 12, 1984.**

Certified to be a true
and correct copy

By _C Bogart_

Loan Center of California
hereby certifies this is a true
and correct copy of the original
_Carley Borga_

Loan Number: 06-30679

## SIGNATURE AFFIDAVIT AND AKA STATEMENT

### SIGNATURE AFFIDAVIT

I, ESTRELLA A. COSTALES
certify that this is my signature:

_____
**Borrower**
ESTRELLA A. COSTALES

Sample Signature

### AKA STATEMENT

I, ESTRELLA A. COSTALES
further certify that I am also known as:

ESTRELLA ABUAN COSTALES
Name Variation (Print)

Sample Signature (Variation)

ESTER COSTALES
Name Variation (Print)

Sample Signature (Variation)

ESTER A. COSTALES
Name Variation (Print)

Sample Signature (Variation)

_____
Name Variation (Print)

Sample Signature (Variation)

_____
Name Variation (Print)

Sample Signature (Variation)

_____
Name Variation (Print)

Sample Signature (Variation)

State of CALIFORNIA
County of SAN DIEGO

On MARCH 19, 2006 , before me, DEBORAH S CHRISTIAN, NOTARY PUBLIC
personally appeared ESTRELLA A. COSTALES

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) ~~is~~/are
subscribed to the within instrument and acknowledged to me that ~~he/she/they~~ executed the same in ~~his/her/their~~ authorized
capacity(~~ies~~) and that by ~~his/her/their~~ signature(s) on the instrument the person(s) or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

DEBORAH S. CHRISTIAN
Comm. # 1594885
NOTARY PUBLIC - CALIFORNIA
Riverside County
My Comm. Exp. July 28, 2009

SIGNATURE AFFIDAVIT AND AKA STATEMENT
04/29/04

DocMagic ☎ 800-649-1362
www.docmagic.com

Aka.he.1.em

Recording Requested By:
LOAN CENTER OF CALIFORNIA, INC.
ONE HARBOR CENTER, SUITE 188
SUISUN CITY, CALIFORNIA 94585

And After Recording Return To:
LOAN CENTER OF CALIFORNIA, INC.
ONE HARBOR CENTER, SUITE 188
SUISUN CITY, CALIFORNIA 94585
Loan Number: 06-30679

—————————————— [Space Above This Line For Recording Data] ——————————————

# DEED OF TRUST

**MIN:** 1001906-0000630679-4

THIS DEED OF TRUST is made this 16th day of MARCH, 2006        among the Trustor,
ESTRELLA A. COSTALES, AN UNMARRIED WOMAN

(herein "Borrower"),

NEW CENTURY TITLE COMPANY, 3480 VINE ST STE 100, RIVERSIDE,
CALIFORNIA 92507             (herein "Trustee"),
and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
LOAN CENTER OF CALIFORNIA, INC., A CALIFORNIA CORPORATION
is organized and existing under the laws of   CALIFORNIA             and has an address of
ONE HARBOR CENTER, SUITE 188, SUISUN CITY, CALIFORNIA 94585

(herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants
and conveys to Trustee, in trust, with power of sale, the following described property located in the County of
SAN DIEGO        , State of California:
LOT 90 OF PARK VILLAGE ESTATES UNIT NO. 4, IN THE CITY OF SAN
DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO
MAP THEREOF NO. 10966, FILED IN THE OFFICE OF THE COUNTY
RECORDER OF SAN DIEGO COUNTY, JUNE 12th 1984.
A.P.N.: 315-506-25

THIS SECURITY INSTRUMENT IS SUBORDINATE TO AN EXISTING FIRST
LIEN(S) OF RECORD.
which has the address of 12796 ISOCOMA STREET

                            [Street]

SAN DIEGO          , California        92129        (herein "Property Address");
       [City]                            [Zip Code]

---

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS       Page 1 of 7        DocMagic *eRorms* 800-649-1362
                                                      www.docmagic.com

Ca38051.mzd.1.tem

Loan Center of California
hereby certifies this is a true
and correct copy of the original
           Carley Borge

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property"; Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or cancelling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated MARCH 16, 2006           and extensions and renewals thereof(herein "Note"), in the principal sum of ONE HUNDRED FIFTY-EIGHT THOUSAND AND 00/100 Dollars (U.S. $ 158,000.00           ), with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on APRIL 1, 2036        ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Loan Center of California
hereby certifies this is a true
and correct copy of the original
Carley Batya

**(D)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5.  THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

## 6.  BORROWER'S PAYMENTS BEFORE THEY ARE DUE

**\*\* See attached Prepayment Note Addendum.**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7.  BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are:  (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8.  GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

*DocMagic ℰℱℴℝℳℴ 800-649-1362*
*www.docmagic.com*

Ca390522.mt

Loan Center of California
hereby certifies this is a true
and correct copy of the original

*Carley Botya*



Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

**NOTICE TO BORROWER: Do not sign this Note if it contains blank spaces. All spaces should be completed before you sign.**


_Estrella A. Costales_ (Seal)
ESTRELLA A. COSTALES      -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

*[Sign Original Only]*

Loan Center of California
hereby certifies this is a true
and correct copy of the original
_Carley Borja_

MIN: 1001906-0000630678-6                    Loan Number: 06-30678

# ADJUSTABLE RATE NOTE
### (LIBOR Six-Month Index (As Published In *The Wall Street Journal*)-Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

MARCH 16, 2006              SUISUN CITY            CALIFORNIA
[Date]                      [City]                 [State]

12796 ISOCOMA STREET, SAN DIEGO, CALIFORNIA 92129
[Property Address]

## 1.  BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $472,500.00          (this amount is called "Principal"), plus interest, to the order of Lender. Lender is LOAN CENTER OF CALIFORNIA, INC., A CALIFORNIA CORPORATION
I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     7.750   %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3.  PAYMENTS
### (A) Time and Place of Payments
I will pay principal and interest by making a payment every month.

I will make my monthly payments on the 1st   day of each month beginning on    MAY 1          , 2006   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on APRIL 1, 2036                , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at ONE HARBOR CENTER, SUITE 188, SUISUN CITY, CALIFORNIA 94585
                              or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. $3,385.20                       . This amount may change.

### (C) Monthly Payment Changes
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

---

MULTISTATE ADJUSTABLE RATE NOTE--LIBOR SIX-MONTH INDEX
(AS PUBLISHED IN *THE WALL STREET JOURNAL*)--Single Family
Fannie Mae MODIFIED INSTRUMENT              Page 1 of 5

Form 3520 1/01
DocMagic *eForms* 800-649-1362
www.docmagic.com

Us35201.nol.1.tem

Loan Center of California
hereby certifies this is a true
and correct copy of the original
*Conley Boaye*

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the   1st   day of APRIL, 2008                    , and on that day every   6th   month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal.* The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding  TWO AND 250/1000                       percentage points (     2.250   %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than      10.750 % or less than     4.750 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE AND 000/1000                    percentage point(s) (     1.000   %) from the rate of interest I have been paying for the preceding 6     months. My interest rate will never be greater than     13.750 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY ** See attached Prepayment Note Addendum.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

MULTISTATE ADJUSTABLE RATE NOTE--LIBOR SIX-MONTH INDEX
(AS PUBLISHED IN *THE WALL STREET JOURNAL*)--Single Family
Fannie Mae MODIFIED INSTRUMENT          Page 2 of 5

Us35202.nol.2.tem

Form 3520 1/01
DocMagic *€Forms* 800-649-1362
*www.docmagic.com*

Loan Center of California
hereby certifies this is a true
and correct copy of the original
*Carley Berys*

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.


*Estrella A. Costales* _____ (Seal)          _____ (Seal)
   ESTRELLA A. COSTALES     -Borrower                          -Borrower


_____ (Seal)          _____ (Seal)
                -Borrower                          -Borrower


_____ (Seal)          _____ (Seal)
                -Borrower                          -Borrower


*[Sign Original Only]*

MULTISTATE ADJUSTABLE RATE NOTE--LIBOR SIX-MONTH INDEX
(AS PUBLISHED IN *THE WALL STREET JOURNAL*)--Single Family
Fannie Mae MODIFIED INSTRUMENT       Page 5 of 5

Form 3520 1/01
*DocMagic* 800-649-1362
*www.docmagic.com*

Us35205.not.5.tem

Loan Center of California
hereby certifies this is a true
and correct copy of the original
*Carley Botija*

# PREPAYMENT ADDENDUM TO NOTE

Loan No.: 06-30679

Date: MARCH 16, 2006

Borrower(s): ESTRELLA A. COSTALES

FOR VALUE RECEIVED, the undersigned ("Borrower") agree(s) that the following provisions shall be incorporated into and shall be deemed to amend and supplement the Note of even date. To the extent that the provisions of this Prepayment Addendum To Note (the "Addendum") are inconsistent with the provisions of the Note, the provisions of the Addendum shall prevail over and shall supersede any such inconsistent provisions of the Note.

Section    6    of the Note is amended to read in its entirety as follows:

### 6 .  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under the Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.

If my loan has an adjustable rate feature my partial prepayment may reduce the amount of my monthly payment after the first Change Date following my partial payment. However, any reduction due to my partial prepayment may be offset by an increase in the interest rate.

If within TWELVE                    ( 12    ) months from the date of execution of the Note I make a full prepayment or, in certain cases a partial prepayment, and the total of such prepayment(s) in any 12-month period exceeds    TWENTY PERCENT
(    20.000    %) of the original principal amount of this loan, I will pay a prepayment charge in an amount equal to the payment of    six                    ( 6    ) months' advance interest on the amount by which the total of my prepayment(s) within that 12-month period exceeds    TWENTY PERCENT
(    20.000    %) of the original principal amount of the loan.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Addendum.

_Estrella A. Costales   3-14-06_
_____        _____
Borrower  ESTRELLA A.          Date    Borrower                        Date
COSTALES


_____        _____
Borrower                        Date    Borrower                        Date


_____        _____
Borrower                        Date    Borrower                        Date

Certified to be a true and correct copy
By C Bagot

DocMagic ☎800-649-1362
www.docmagic.com

Uspin.gen.1.tem

Loan Center of California
hereby certifies this is a true
and correct copy of the original
_Carley Bagot_

# PREPAYMENT RIDER

Loan No.: 06-30679

Date: MARCH 16, 2006

Borrower(s): ESTRELLA A. COSTALES

FOR VALUE RECEIVED, the undersigned ("Borrower") agree(s) that the following provisions shall be incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed of even date herewith (the "Security Instrument") executed by Borrower, as trustor, in favor of LOAN CENTER OF CALIFORNIA, INC., A CALIFORNIA CORPORATION ("Lender"), as beneficiary. To the extent that the provisions of this Prepayment Rider (the "Rider") are inconsistent with the provisions of the Security Instrument, the provisions of the Rider shall prevail over and shall supersede any such inconsistent provisions of the Security Instrument.

**PREPAYMENT COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under the Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.

If my loan has an adjustable rate feature my partial prepayment may reduce the amount of my monthly payment after the first Change Date following my partial payment. However, any reduction due to my partial prepayment may be offset by an increase in the interest rate.

If within TWELVE        ( 12        ) months from the date of execution of the Security Instrument I make a full prepayment or, in certain cases a partial prepayment, and the total of such prepayment(s) in any 12-month period exceeds  TWENTY PERCENT

(        20.000    %)

of the original principal amount of this loan, I will pay a prepayment charge in an amount equal to the payment of SIX        ( 6        ) months' advance interest on the amount by which the total of my prepayment(s) within that 12-month period exceeds TWENTY  PERCENT

(        20.000    %) of the original principal amount of the loan.

---

MULTISTATE PREPAYMENT RIDER
09/09/05                                   Page 1 of 2                    DocMagic *eFerms* 800-649-1362
                                                                          www.docmagic.com

Loan Center of California
hereby certifies this is a true
and correct copy of the original
*Carley Botye*

Usprt.gen.1.tem

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and covenants contained in this Rider.


_Estrella A. Costales_ _____ (Seal)   _____ (Seal)
ESTRELLA A. COSTALES -Borrower        -Borrower


_____ (Seal)   _____ (Seal)
         -Borrower         -Borrower


_____ (Seal)   _____ (Seal)
         -Borrower         -Borrower

MULTISTATE PREPAYMENT RIDER
09/09/05        Page 2 of 2     DocMagic *eFerms* 800-649-1362
www.docmagic.com

Loan Center of California
hereby certifies this is a true
and correct copy of the original
_Carley Borga_

Uspr2.gen.2.tem

EXHIBIT "A"

LOT 90 OF PARK VILLAGE ESTATES UNIT NO. 4, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 10966, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JUNE 12, 1984.

Certified to be a true
and correct copy

By C Bogart

Loan Center of California
hereby certifies this is a true
and correct copy of the original
Carley Batys

# PREPAYMENT RIDER

Loan No.: 06-30679

Date: MARCH 16, 2006

Borrower(s): ESTRELLA A. COSTALES

FOR VALUE RECEIVED, the undersigned ("Borrower") agree(s) that the following provisions shall be incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed of even date herewith (the "Security Instrument") executed by Borrower, as trustor, in favor of LOAN CENTER OF CALIFORNIA, INC., A CALIFORNIA CORPORATION ("Lender"), as beneficiary. To the extent that the provisions of this Prepayment Rider (the "Rider") are inconsistent with the provisions of the Security Instrument, the provisions of the Rider shall prevail over and shall supersede any such inconsistent provisions of the Security Instrument.

PREPAYMENT COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under the Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.

If my loan has an adjustable rate feature my partial prepayment may reduce the amount of my monthly payment after the first Change Date following my partial payment. However, any reduction due to my partial prepayment may be offset by an increase in the interest rate.

If within TWELVE ( 12 ) months from the date of execution of the Security Instrument I make a full prepayment or, in certain cases a partial prepayment, and the total of such prepayment(s) in any 12-month period exceeds TWENTY PERCENT .( 20.000 %) of the original principal amount of this loan, I will pay a prepayment charge in an amount equal to the payment of SIX ( 6 ) months' advance interest on the amount by which the total of my prepayment(s) within that 12-month period exceeds TWENTY PERCENT ( 20.000 %) of the original principal amount of the loan.



DocMagic ℮Forms 800-649-1362
www.docmagic.com

Usprl.gen.1.tem

Loan Center of California
hereby certifies this is a true
and correct copy of the original
*Carley Baeza*

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and covenants contained in this Rider.

_Estrella A. Costales_ (Seal)                    _____ (Seal)
ESTRELLA A. COSTALES    -Borrower                                     -Borrower


_____ (Seal)                  _____ (Seal)
                       -Borrower                                     -Borrower


_____ (Seal)                  _____ (Seal)
                       -Borrower                                     -Borrower

Loan Center of California
hereby certifies this is a true
and correct copy of the original
_Carley Borja_

**EXHIBIT "A"**

**LOT 90 OF PARK VILLAGE ESTATES UNIT NO. 4, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 10966, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JUNE 12, 1984.**

Certified to be a true
and correct copy

By _C Bogart_

Loan Center of California
hereby certifies this is a true
and correct copy of the original
_Carley Botye_

 

Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

   21. **Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

   22. **Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

   23. **Statement of Obligations.** Lender may collect a fee not to exceed $15 for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

   24. The following Riders are to be executed by Borrower [check box as applicable]:

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
|---|---|---|
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☒ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | PREPAYMENT RIDER |

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

   Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action. In accordance with Section 2924B, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded _____ , in Book _____ , Page _____ , records of _____ , County, (or filed for record with recorder's serial number _____ , County), California, executed by

as trustor (or mortgagor) in which

is named as beneficiary (or mortgagee) and

as trustee be mailed to

at

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

   Signature: _____

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS                Page 6 of 7                DocMagic *eForms* 800-649-1362
                                                                          www.docmagic.com

Ca3805G.mzd.6.tem

Loan Center of California
hereby certifies this is a true
and correct copy of the original

Carley Borge

IN WITNESS WHEREOF, Borrower has executed and acknowledges receipt of pages 1 through 7 of this Deed of Trust.

*Estrella A. Costales*
_____          _____
ESTRELLA A. COSTALES      -Borrower                                              -Borrower


_____          _____
                          -Borrower                                              -Borrower


_____          _____
                          -Borrower                                              -Borrower


State of California
County of SAN DIEGO

On MARCH 19. 2006          before me, DEBORAH S. CHRISTIAN, NOTARY PUBLIC
personally appeared ESTRELLA A. COSTALES

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



Signature: _____

> DEBORAH S. CHRISTIAN
> Comm. # 1594865
> NOTARY PUBLIC - CALIFORNIA
> Riverside County
> My Comm. Exp. July 28, 2009

(Seal)

Loan Center of California
hereby certifies this is a true
and correct copy of the original
*Carley Boaya*

MIN: 1001906-0000630679-4     **NOTE**     Loan Number: 06-30679

MARCH 16, 2006         SUISUN CITY        CALIFORNIA
Date                   City             State

12796 ISOCOMA STREET, SAN DIEGO, CALIFORNIA 92129
Property Address          City         State        Zip Code

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 158,000.00     (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is LOAN CENTER OF CALIFORNIA, INC., A CALIFORNIA CORPORATION
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of 11.250 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

## 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 1,534.59
I will make my payments on the 1st day of each month beginning on MAY 1, 2006
I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on APRIL 1, 2036     , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at ONE HARBOR CENTER, SUITE 188, SUISUN CITY, CALIFORNIA 94585
                   or at a different place if required by the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment, but not less than U.S. $ 8.00    and not more than U.S. $ N/A     . I will pay this late charge only once on any late payment.
(B) Notice From Note Holder
If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.
(C) Default
If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

---

CALIFORNIA-SECOND MORTGAGE-6/84
3905                Page 1 of 3            *DocMagic* ℰℛℯɱᴀs 800-649-1362
www.docmagic.com

Ca390511.not

Loan Center of California
hereby certifies this is a true
and correct copy of the original
Carley Borys

# EXHIBIT C

# TRUTH IN LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| | |
|---|---|
| **Applicants:** ESTRELLA A COSTALES | **Prepared By:** LOAN CENTER OF CALIFORNIA<br>ONE HARBOR CENTER #188<br>SUISUN CITY , CA 94585<br>707-434-8383 |
| **Property Address:** 12796 ISOCOMA STREET<br>SAN DIEGO, CA 92129 | |
| **Application No:** 0630879 | **Date Prepared:** 02/24/2006 |

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after making all payments as scheduled |
| * 11.821 % | $ * 398,239.85 | $ * 164,221.25 | $ * 562,461.10 |

☐ **REQUIRED DEPOSIT:** The annual percentage rate does not take into account your required deposit
**PAYMENTS:** Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| | | Monthly Beginning: | | | Monthly Beginning: | | | Monthly Beginning: |
| 359 | 1,534.59 | 05/01/2006 | | | | | | |
| 1 | 1,543.29 | 04/01/2036 | | | | | | |

☐ **DEMAND FEATURE:** This obligation has a demand feature.
☐ **VARIABLE RATE FEATURE:** This loan contains a variable rate feature. A variable rate disclosure has been provided earlier.

**CREDIT LIFE/CREDIT DISABILITY:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Signature |
|---|---|---|
| Credit Life | | I want credit life insurance. Signature: |
| Credit Disability | | I want credit disability insurance. Signature: |
| Credit Life and Disability | | I want credit life and disability insurance. Signature: |

**INSURANCE:** The following insurance is required to obtain credit:
☐ Credit life insurance   ☐ Credit disability   ☑ Property insurance   ☐ Flood insurance
You may obtain the insurance from anyone you want that is acceptable to creditor
☐ If you purchase   ☑ property   ☐ flood insurance from creditor you will pay $                for a one year term.
**SECURITY:** You are giving a security interest in: 12796 ISOCOMA STREET, SAN DIEGO CA 92129
☐ The goods or property being purchased   ☑ Real property you already own.
**FILING FEES:** $
**LATE CHARGE:** If a payment is more than    15 days late, you will be charged    5.000 % of the principal and interest overdue.
**PREPAYMENT:** If you pay off early, you
☑ may     ☐ will not   have to pay a penalty.
☐ may     ☑ will not   be entitled to a refund of part of the finance charge.
**ASSUMPTION:** Someone buying your property
☐ may     ☐ may, subject to conditions     ☑ may not   assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties
☑ * means an estimate     ☑ all dates and numerical disclosures except the late payment disclosures are estimates.

* * NOTE: The Payments shown above include reserve deposits for Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

THE UNDERSIGNED ACKNOWLEDGES RECEIVING A COMPLETED COPY OF THIS DISCLOSURE.

*Estrella a Costales*  3-19-06
_____
ESTRELLA A COSTALES         (Applicant)   (Date)

_____
                            (Applicant)   (Date)

_____
                            (Applicant)   (Date)

_____
                            (Applicant)   (Date)

_____
                            (Lender)      (Date)

Calyx Form - til.hp (02/95)

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Loan Number: 06-30679                          Date: MARCH 16, 2006
Creditor: LOAN CENTER OF CALIFORNIA, INC.
Address: ONE HARBOR CENTER, SUITE 188, SUISUN CITY, CALIFORNIA 94585

Borrower(s): ESTRELLA A. COSTALES

Address: 12796 ISOCOMA STREET, SAN DIEGO, CALIFORNIA 92129

Lines containing an "x" are applicable:

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | ☐ Total Sale Price The total cost of your purchase on credit including your down payment of $ |
|---|---|---|---|---|
| 11.587 % | $398,533.15 | $153,928.01 | $552,461.16 | $ |

**PAYMENTS:** Your payment schedule will be:

| Number of Payments | Amount of Payment ** | When Payments Are Due | Number of Payments | Amount of Payment ** | When Payments Are Due | Number of Payments | Amount of Payment ** | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| | | Monthly Beginning | | | Monthly Beginning | | | Monthly Beginning |
| 359 | 1,534.59 | 05/01/06 | | | | | | |
| 1 | 1,543.35 | 04/01/36 | | | | | | |

_____ **DEMAND FEATURE:** This obligation has a demand feature.

_____ **VARIABLE RATE FEATURE:** Your loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.

**INSURANCE:** The following insurance is required to obtain credit:
_____ Credit life insurance and credit disability   _X_ Property Insurance   _____ Flood Insurance   _____ Private Mortgage Insurance
You may obtain property insurance from any insurer that is acceptable to the Lender.
**SECURITY:** You are giving a security interest in: 12796 ISOCOMA STREET, SAN DIEGO, CALIFORNIA 92129
_____ The goods or property being purchased   _X_ Real property you already own.
**FILING FEES:** $75.00
**LATE CHARGE:** If payment is more than _____ 15 _____ days late, you will be charged _____ 5.000 % of the payment.
**PREPAYMENT:** If you pay off early, you                                  * or $5.00 (whichever is greater)
_X_ may   _____ will not   have to pay a penalty.
_____ may   _X_ will not   be entitled to a refund of part of the finance charge.
**ASSUMPTION:** Someone buying your property
_____ may   _____ may, subject to conditions   _X_ may not   assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.
_X_ "e" means an estimate   _____ all dates and numerical disclosures except the late payment disclosures are estimates.
Each of the undersigned acknowledge receipt of a complete copy of this disclosure. The disclosure does not constitute a contract or a commitment to lend.

_Estrella A. Costales_  3-19-06
Applicant  ESTRELLA A. COSTALES          Date          Applicant                                        Date


Applicant                                Date          Applicant                                        Date


Applicant                                Date          Applicant                                        Date

** NOTE: Payments shown above do not include reserve deposits for taxes, assessments, and property or flood insurance.

Lender: LOAN CENTER OF CALIFORNIA, INC.
ONE HARBOR CENTER, SUITE 188
SUISUN CITY, CALIFORNIA 94585

Re:  ESTRELLA A. COSTALES
12796 ISOCOMA STREET
SAN DIEGO, CALIFORNIA 92129

Date: MARCH 16, 2006
Loan Number: 06-30679

| Ref HUD-1 Statement | ITEMIZATION OF AMOUNT FINANCED | |
|---|---|---|
| | ■ Amount given to you directly | $ |
| | ■ Amount paid on your account | |
| 1001 | Insurance Reserves | |
| 1004 | Tax Reserves | |
| | Other Reserves | |
| 1009 | Aggregate Adjustment | |
| | ■ Amount paid to others on your behalf: | |
| 803 | Appraisal Fee | |
| 804 | Credit Reporting Fee | |
| 903 | Hazard Insurance Premium | |
| 809 | Document Preparation Fee to: LOAN CENTER OF CALIFORNIA | 180.00 |
| 1106 | Notary Fee to: NEW CENTURY TITLE COMPANY | 30.00 |
| 1108 | Title Ins. Premium to: NEW CENTURY TITLE COMPANY | 100.00 |
| 1201 | Recording Fee to: NEW CENTURY TITLE COMPANY | 75.00 |
| | Loan Proceeds to: NEW CENTURY TITLE COMPANY | $153,543.01 |
| | ■ AMOUNT FINANCED | $  153,928.01 |
| | ■ Prepaid Finance Charge | $    4,071.99 |

| | ■ Itemization of Prepaid Finance Charge: | | ■ Loan Amount $ | 158,000.00 |
|---|---|---|---|---|
| 801 | Loan Origination Fee | $ | | |
| 802 | Loan Discount Fee to: LOAN CENTER OF | 2,765.00 | | |
| 806 | Tax Service Fee | | | |
| | Prepaid Interest ( 10    days) | | | |
| 901 | @    11.250  % per annum | 486.99 | | |
| 902 | Mtge. Ins. Premium | | | |
| 1002 | Mtge. Ins. Reserves | | | |
| 808 | Origination Fee | | | |
| | UNDERWRITING FEE to: LOAN CENTER OF | 275.00 | | This form does not cover all items you will be required to pay in cash at settlement, for example, deposits in escrow for real estate taxes and insurance may be different.  You may wish to inquire as to the amounts of such other items.  You may be required to pay other additional amounts to be settled. |
| | ESCROW FEE to: NEW CENTURY TITLE COMPANY | 100.00 | | |
| | ADMINISTRATION FEE to: LOAN CENTER OF | 145.00 | | |
| | MISC.-NEW CENTURY TITLE to: Service Provider | 300.00 | | |
| | | | | ☐ All disclosures are estimates |
| | Total Prepaid Finance Charge | $    4,071.99 | | |

The undersigned acknowledge receiving and reading a completed copy of this disclosure.

_Estrella A. Costales_ 3-19-06
(Borrower) ESTRELLA A. COSTALES    (Date)    (Borrower)    (Date)

(Borrower)    (Date)    (Borrower)    (Date)

(Borrower)    (Date)    (Borrower)    (Date)

GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES

DocMagic ⓔ Forms 800-649-1362
www.docmagic.com

CG.hc.1.xxx

# TRUTH-IN-LENDING DISCLOSURE STATEMENT

| | |
|---|---|
| Applicants: **ESTRELLA A COSTALES** | Prepared By: **LOAN CENTER OF CALIFORNIA** |
| | **ONE HARBOR CENTER #188** |
| Property Address: **12796 ISOCOMA STREET** | **SUISUN CITY , CA 94585** |
| **SAN DIEGO, CA 92129** | **707-434-8083** |
| Application No: **0830678** | Date Prepared: **02/24/2006** |

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after making all payments as scheduled |
| * 11.821 % | $ * 388,239.88 | $ * 184,221.26 | $ * 552,461.10 |

☐ **REQUIRED DEPOSIT:** The annual percentage rate does not take into account your required deposit
**PAYMENTS:** Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| | | Monthly Beginning: | | | Monthly Beginning: | | | Monthly Beginning: |
| 359 | 1,534.59 | 05/01/2006 | | | | | | |
| 1 | 1,543.28 | 04/01/2036 | | | | | | |

☐ **DEMAND FEATURE:** This obligation has a demand feature.
☐ **VARIABLE RATE FEATURE:** This loan contains a variable rate feature. A variable rate disclosure has been provided earlier.

**CREDIT LIFE/CREDIT DISABILITY:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Signature | |
|---|---|---|---|
| Credit Life | | I want credit life insurance. | Signature: |
| Credit Disability | | I want credit disability insurance. | Signature: |
| Credit Life and Disability | | I want credit life and disability insurance. | Signature: |

**INSURANCE:** The following insurance is required to obtain credit:
☐ Credit life insurance ☐ Credit disability ☑ Property insurance ☐ Flood insurance
You may obtain the insurance from anyone you want that is acceptable to creditor
☐ If you purchase ☑ property ☐ flood insurance from creditor you will pay $ _____ for a one year term.
**SECURITY:** You are giving a security interest in: **12796 ISOCOMA STREET, SAN DIEGO CA 92129**
☐ The goods or property being purchased ☑ Real property you already own.
**FILING FEES:** $ _____
**LATE CHARGE:** If a payment is more than **15** days late, you will be charged **6.000** % of the principal and interest overdue
**PREPAYMENT:** If you pay off early, you
☑ may ☐ will not have to pay a penalty.
☐ may ☑ will not be entitled to a refund of part of the finance charge.
**ASSUMPTION:** Someone buying your property
☐ may ☐ may, subject to conditions ☑ may not assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties
☑ * means an estimate ☑ all dates and numerical disclosures except the late payment disclosures are estimates.

**NOTE:** The Payments shown above include reserve deposits for Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

THE UNDERSIGNED ACKNOWLEDGES RECEIVING A COMPLETED COPY OF THIS DISCLOSURE.

_Estrella A Costales_ 3-19-06
**ESTRELLA A COSTALES** (Applicant) (Date)

_____ (Applicant) (Date)

_____ (Applicant) (Date)

_____ (Applicant) (Date)

_____ (Lender) (Date)

Calyx Form - ti.hp (02/95)

## TRUTH IN LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| | | |
|---|---|---|
| Applicants: | **ESTRELLA A COSTALES** | Prepared By: **LOAN CENTER OF CALIFORNIA** |
| | | **ONE HARBOR CENTER #188** |
| Property Address: | **12786 ISOCOMA STREET** | **SUISUN CITY , CA 94585** |
| | **SAN DIEGO, CA 92128** | **707-434-8083** |
| Application No: | **0630679** | Date Prepared: **02/24/2006** |

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after making all payments as scheduled |
| **11.521 %** | **$ 398,239.85** | **$ 154,221.25** | **$ 552,461.10** |

☐ **REQUIRED DEPOSIT:** The annual percentage rate does not take into account your required deposit
**PAYMENTS:** Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Beginning | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| | | Monthly Beginning: | | | Monthly Beginning: | | | Monthly Beginning: |
| 359 | 1,534.59 | 05/01/2006 | | | | | | |
| 1 | 1,543.29 | 04/01/2036 | | | | | | |

☐ **DEMAND FEATURE:** This obligation has a demand feature.
☐ **VARIABLE RATE FEATURE:** This loan contains a variable rate feature. A variable rate disclosure has been provided earlier.

**CREDIT LIFE/CREDIT DISABILITY:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Signature | |
|---|---|---|---|
| Credit Life | | I want credit life insurance. | Signature: |
| Credit Disability | | I want credit disability insurance. | Signature: |
| Credit Life and Disability | | I want credit life and disability insurance. | Signature: |

**INSURANCE:** The following insurance is required to obtain credit:
☐ Credit life insurance   ☐ Credit disability   ☑ Property insurance   ☐ Flood insurance
You may obtain insurance from anyone you want that is acceptable to creditor
☐ If you purchase   ☑ property   ☐ flood insurance from creditor you will pay $           for a one year term.
**SECURITY:** You are giving a security interest in: **12786 ISOCOMA STREET, SAN DIEGO CA 92129**
☐ The goods or property being purchased   ☑ Real property you already own.
**FILING FEES:** $
**LATE CHARGE:** If a payment is more than   15 days late, you will be charged   6.000 % of the principal and interest overdue
**PREPAYMENT:** If you pay off early, you
☑ may   ☐ will not   have to pay a penalty.
☐ may   ☑ will not   be entitled to a refund of part of the finance charge.
**ASSUMPTION:** Someone buying your property
☐ may   ☐ may, subject to conditions   ☑ may not   assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties
☑ * means an estimate   ☑ all dates and numerical disclosures except the late payment disclosures are estimates.

** NOTE: The Payments shown above include reserve deposits for Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

THE UNDERSIGNED ACKNOWLEDGES RECEIVING A COMPLETED COPY OF THIS DISCLOSURE.

| | | |
|---|---|---|
| *Estrella A Costales*   3-19-06 | | |
| **ESTRELLA A COSTALES** (Applicant) (Date) | | (Applicant) (Date) |
| | | |
| (Applicant) (Date) | | (Applicant) (Date) |
| | | |
| (Lender) (Date) | | |

Calyx Form - til.frp (02/05)

# TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| | |
|---|---|
| Applicants: **ESTRELLA COSTALES** | Prepared By:  **LOAN CENTER OF CALIFORNIA**<br>ONE HARBOR CENTER #188 |
| Property Address: **12796 ISCOMA STREET**<br>**SAN DIEGO, CA 92129** | SUISUN CITY , CA  94585<br>707-434-8063 |
| Application No: **0630678** | Date Prepared: **02/24/2006** |

| ANNUAL PERCENTAGE RATE<br><br>The cost of your credit as a yearly rate | FINANCE CHARGE<br><br>The dollar amount the credit will cost you | AMOUNT FINANCED<br><br>The amount of credit provided to you or on your behalf | TOTAL OF PAYMENTS<br><br>The amount you will have paid after making all payments as scheduled |
|---|---|---|---|
| * 10.798  % | $    * 319,796.39 | $    * 133,875.31 | $    * 453,671.70 |

☐ REQUIRED DEPOSIT:  The annual percentage rate does not take into account your required deposit
    PAYMENTS:  Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| | | Monthly Beginning: | | | Monthly Beginning: | | | Monthly Beginning: |
| 359 | 1,250.20 | 05/01/2006 | | | | | | |
| 1 | 1,259.80 | 04/01/2036 | | | | | | |

☐ DEMAND FEATURE:  This obligation has a demand feature.
☐ VARIABLE RATE FEATURE:  This loan contains a variable rate feature.  A variable rate disclosure has been provided earlier.

CREDIT LIFE/CREDIT DISABILITY:  Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Signature | |
|---|---|---|---|
| Credit Life | | I want credit life insurance. | Signature: |
| Credit Disability | | I want credit disability insurance. | Signature: |
| Credit Life and Disability | | I want credit life and disability insurance. | Signature: |

INSURANCE:  The following insurance is required to obtain credit:
☐ Credit life insurance  ☐ Credit disability  ☑ Property insurance  ☐ Flood insurance
You may obtain the insurance from anyone you want that is acceptable to creditor
☐ If you purchase  ☑ property  ☐ flood insurance from creditor you will pay $                    for a one year term.
SECURITY:  You are giving a security interest in: 12796 ISCOMA STREET, SAN DIEGO CA 92129
☐ The goods or property being purchased          ☑ Real property you already own.
FILING FEES: $
LATE CHARGE:  If a payment is more than    15 days late, you will be charged    5.000 % of the payment
PREPAYMENT:  If you pay off early, you
☑ may          ☐ will not   have to pay a penalty.
☐ may          ☑ will not   be entitled to a refund of part of the finance charge.
ASSUMPTION:  Someone buying your property
☐ may          ☐ may, subject to conditions          ☑ may not    assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties
☑ * means an estimate          ☑ all dates and numerical disclosures except the late payment disclosures are estimates.

* * NOTE: The Payments shown above include reserve deposits for Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

THE UNDERSIGNED ACKNOWLEDGES RECEIVING A COMPLETED COPY OF THIS DISCLOSURE.

| | | | | |
|---|---|---|---|---|
| ESTRELLA COSTALES | (Applicant) | (Date) | (Applicant) | (Date) |
| | (Applicant) | (Date) | (Applicant) | (Date) |
| | (Lender) | (Date) | | |

Calyx Form - tll.hp (02/95)

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 152067    — MB
* * C O P Y * *
June 18, 2008
14:17:17**

**Civ Fil Non-Pris**
USAO #.: 08CV1079 CIVIL FILING
Judge..: NAPOLEON A JONES, JR
Amount.:                $350.00 CA

**Total-> $350.00**

FROM: ESTRELLA COSTALES, PRO SE
      VS AMERICA'S SERVICING CO AND
      LOAN CENTER OF CA, ET AL

§JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Estrella Costales, Pro Se

**DEFENDANTS**

AMERICA'S SERVICING CO., and LOAN CENTER OF CALIFORNIA, SPECIALIZED LOAN SERVICES

FILED

**(b)** County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Estrella Costales, Pro Se
12796 Isocoma Street, San Diego, CA 92129, (858) 484-0114

Attorneys (If Known)

'08 CV 1079   J   JMA
DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
15 USC 1601 et seq

Brief description of cause:
TILA Violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD
*Estrella Costales*

FOR OFFICE USE ONLY

RECEIPT # 152067  AMOUNT $350—  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PB 06/18/08


CR