UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA COSTALES, ) | Civil No. 08cv1079-L(JMA) |
| Plaintiff, ) | |
| v. ) | **ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER** |
| AMERICA'S SERVICING CO., LOAN CENTER CALIFORNIA, *et al.,* ) | |
| Defendants. ) | |

On June 18, 2008, Plaintiff Estrella Costales, proceeding *pro se*, filed a complaint pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. and a Motion for Ex parte Temporary Restraining Order, seeking an order to enjoin a foreclosure. Pursuant to 28 U.S.C. § 1331, the court has subject matter jurisdiction over the case, because the action arises under TILA, a federal statute. For the reasons which follow, Plaintiff's motion for a temporary restraining order ("TRO") is **DENIED**.

A party seeking preliminary injunctive relief, including a TRO, must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in the moving party's favor. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Roe v. Anderson*,

134 F.3d 1400, 1402 (9th Cir. 1998).  Furthermore, the moving party must show the threatened irreparable harm is imminent.  *Sardi's Rest. Corp. v. Sardi*, 755 F.2d 719, 725 (9th Cir. 1985); *Caribbean Marine Servs., Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Although Plaintiff asserts she wishes to enjoin a foreclosure, she does not state when the foreclosure is to take place or attach any notices or correspondence pertaining to the foreclosure.  With respect to the irreparable harm element, it is not clear whether the property to be foreclosed upon is Plaintiff's primary residence.  Plaintiff's motion also does not include a memorandum of points and authorities, *see* Civil Local Rule 7.1(f)(1), or any other discussion of the applicable law to enable the court to determine the probability she will succeed on the merits or whether she has raised serious questions going to the merits of the dispute.

In addition to the substantive deficiencies, the motion suffers from procedural deficiencies.  The motion is not signed.  Federal Rule of Civil Procedure 11(a) requires every motion to be signed by the attorney or party proceeding *pro se*.  Furthermore, Federal Rule of Civil Procedure 65(b) generally requires notice to the adverse party.  Plaintiff's certificate of service does not state the manner of service, and is therefore insufficient to show that service was made as required by Rule 5(b).  Plaintiff's motion does not meet the requirements of Rule 65(b)(1) for issuing a TRO without notice.

For the foregoing reasons, Plaintiff's motion for a TRO is **DENIED**.  If Plaintiff wishes to renew her motion, she must remedy the deficiencies noted above.

**IT IS SO ORDERED**.

DATED:  June 19, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL