SUZANNE M. HANKINS (State Bar No. 157837)
JARLATH M. CURRAN, II (State Bar No. 239352)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A., dba
AMERICA'S SERVICING COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA COSTALES,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICA'S SERVICING COMPANY, and LOAN CENTER OF CALIFORNIA SPECIALIZED LOAN SERVICES,<br><br>Defendants. | Case No.: 3:08-CV-01079-L-JMA<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS BY WELLS FARGO BANK, N.A., dba AMERICA'S SERVICING CO.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: 10/14/08<br>TIME: 10:30 a.m.<br>DEPT: 14<br><br>*[Filed concurrently with Request for Judicial Notice]*<br><br>Complaint filed: June 18, 2008 |

1 | PLEASE TAKE NOTICE that on October 14, 2008, at   a.m., or as soon
2 | thereafter as counsel may be heard in Courtroom 14 of the above-entitled Court
3 | located at 880 Front Street, Room 4290, San Diego California 92101. Defendant
4 | Wells Fargo Bank, N.A. dba America's Servicing Company ("Wells Fargo") will
5 | move the Court for an order dismissing the action as to Wells Fargo.

6 | The motion is brought pursuant to the Federal Rules of Civil Procedure,
7 | Rules 12(b)(5) and 12(b)(6).

8 | The motion is based upon this Notice of Motion and Motion, the
9 | Memorandum of Points and Authorities attached hereto, the pleadings and papers
10 | on file for this matter, and upon such other matters as may be presented to the Court
11 | at the time of the hearing.

DATED: July 15, 2008

SEVERSON & WERSON
A Professional Corporation

By: /s/ Suzanne M. Hankins
SUZANNE M. HANKINS
JARLATH M. CURRAN, II
Attorneys for Defendants
WELLS FARGO BANK, N.A.
dba AMERICA'S SERVICING
COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's complaint claims that defendants violated the Truth in Lending Act ("TILA") by (1) failing to include certain finance charges; (2) improperly including certain finance charges; and (3) understating the annual percentage rate ("APR"). Beyond these conclusory allegations, Plaintiff makes no attempt to identify the finance charges to which she refers or how these charges were wrongfully excluded or included. Similarly, Plaintiff provides no explanation of why she believes the APR is incorrect. Nor does Plaintiff specify which defendant actually violated TILA. Such vague allegations make it impossible for Wells Fargo to provide a meaningful response.

Furthermore, Plaintiff did not file this action within one year of the date she executed the challenged loan agreement. As a result, her request for statutory damage is barred by the one-year statute of limitations under 15 U.S.C. section 1649(e).

In addition, Plaintiff must tender the amounts necessary to consummate the rescission (the "Rescission Balance") to the creditor as a prerequisite to rescission based on an alleged TILA violation.[1] Since Plaintiff has failed to do so here, her complaint does not to state a cause of action.

Finally, Plaintiff served her summons and complaint on Wells Fargo by placing a copy of each document in an envelope mailed via the US Postal System, postage prepaid. Service by this method is insufficient.

Due to the foregoing, this motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure should be granted.

---

[1] "Rescission Balance is the principal of the mortgage loan minus all interest and fees paid to the creditor and all third parties at closing, and any fees paid to the creditor after closing. *Semar v. Platte Valley Federal Savings and Loan*, 791 F.2d 699 (9th Cir. 1986)

## II. ARGUMENT

### A. Plaintiff's Cause of Action for Violation of the Truth In Lending Act Fails to State a Claim for Relief

In order to justify a dismissal under Federal Rule of Civil Procedure 12(b)(6) the Court must determine "whether, if the factual averments of the complaint were proved, they would establish a cause of action." *Weisbuch v. County of Los Angeles* 119 F.3d 778, (9th Cir. 1997) citing *National Wildlife Federation v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995); *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). "The court is not, however, bound to assume the truth of legal conclusions merely because they are stated in the form of factual allegations." *York v. Huerta-Garcia,* 36 F.Supp.2d 1231 (S.D. Cal. 1999) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031 (1981)). Nor need the court accept as true "allegations that contradict facts that may be judicially noticed by the court, *see Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987), and may consider documents that are referred to in the complaint whose authenticity no party questions, *see Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994)." *Shwarz v. U.S.*, 234 F.3d 428 (9th Cir. 2000).

"Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation." *York v. Huerta-Garcia, supra,* at 1234 citing *North Star Intern v. Arizona Corp. Comm'n,* 720 F.2d 578, 583 (9th Cir. 1983). Moreover, plaintiff bears the burden of pleading sufficient facts to state a claim, even in the context of a pro se plaintiff, when the federal rules are more liberal as to pleading. *Id.* (citations omitted).

Here, Plaintiff's complaint fails to specifically address any acts and conduct allegedly engaged in by Wells Fargo sufficient to meet the requirements of her TILA claim. Furthermore, Plaintiff has requested relief that is barred by the one year statute of limitations set forth in 15 U.S.C. section 1640(e). Finally, Plaintiff

has failed to allege tender of the Rescission Balance, which is a prerequisite to her claim.

### 1. Plaintiff has not Alleged a TILA Violation Entitling Her to Damages

Plaintiff's Complaint broadly alleges that defendants (1) failed to include certain finance charges; (2) improperly included certain finance charges; and (3) understated the APR. (See Complaint, ¶ 14.) However, Plaintiff does not identify what finance charges were incorrect, what finance charges should and should not have been disclosed, or how the APR was understated. Plaintiff does not even identify what defendant actually committed the alleged violations or an alternative basis for liability with respect to the remaining defendants. These vague and conclusory allegations make it virtually impossible for Wells Fargo to provide a meaningful response.

### 2. Plaintiff's Claim for Statutory Damages is Barred by 15 U.S.C. Section 1640(e)

Based on alleged TILA violations Plaintiff requests statutory damages under 15 U.S.C. section 1640(a). (Complaint, Prayer for Relief.) This request, however, is barred by the applicable statute of limitations.

15 U.S.C. § 1640(e) states, in pertinent part: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." Here, Plaintiff's claim accrued on March 24, 2006, the date Plaintiff "entered into a consumer credit transaction [] with Defendants." (Complaint, ¶ 7.) Thus, the limitations period for any damage claim Plaintiff may have had under 15 U.S.C. section 1640 would have expired on March 24, 2007. Plaintiff did not file the current action until June 18, 2008. As such, Plaintiff's damage claim is barred.

### 3. Plaintiff Has Not Alleged Tender of the Rescission Balance on the Loan

Under the literal language of 15 U.S.C. section 1635(b), when the consumer exercises the right of rescission, the security interest becomes void. Within 20 days of receipt of a rescission demand, the creditor is required to terminate the security interest. 15 U.S.C. section 1635(a). The consumer is not required to return the principal of the loan to the creditor until the creditor has released the security interest. 15 U.S.C. section 1635(b). In effect, the creditor would be left unsecured if the consumer failed to return the principal balance.

However, the final sentence of Section 1635(b) has been interpreted to allow courts the right to demand that the borrower return the loan's principal balance to the creditor as a prerequisite to rescinding that loan. This sentence states that "the procedures prescribed by this subsection shall apply except when otherwise ordered by a court." In applying this sentence, federal courts have used equitable principles to benefit a mortgage lender in a rescission that could otherwise lead to inequitable consequences.

In *Powers v. Sims and Levin*, 542 F.2d 1216 (4th Cir. 1976), the court held that a rescission demand by a consumer who did not return the principal of the mortgage loan was "fatally deficient." Id. at 1221-1222. The Court said that "[r]escission is an equitable doctrine, and there is nothing in the statutory provision of the right of rescission which limits the power of the court of equity to circumscribe the right of rescission to avoid the perpetration of stark inequity… The District Court and we, exercising traditional equity powers, may condition the Borrower's continuing right of rescission upon their tender to the lender of all of the funds spent by the lender…" Id.

The Ninth Circuit has followed suit by asserting that, even if the plaintiff has a right to seek rescission under TILA, the plaintiff cannot effectuate rescission unless they can return the principal amounts borrowed as required by Reg Z. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003) (courts have

the power to confirm that the borrower "could repay the loan proceeds before going through the empty (and expensive) exercise of a trial on the merits"). Here, although Plaintiff claims to have demanded rescission, Plaintiff does not allege that she has tendered the Rescission Balance pursuant to 15 U.S.C. section 1635(b). Plaintiff's payment of the loan's principal balance is a prerequisite to her equitable claim of rescission.

### B. Plaintiff Failed to Properly Serve the Summons and Complaint on Wells Fargo

Rule 4(e)(1) of the Federal Rules of Civil Procedure ("FRCP") states that a plaintiff may served an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FRCP Rule 4(h) incorporates this method as a proper means to serve a corporate defendant. Under California law, the plaintiff may serve a corporate defendant via (1) personal delivery to an authorized agent; (2) substitute service; (3) service by mail coupled with an acknowledgment of receipt; and (4) publication. California Code of Civil Procedure ("CCP") § 415.10 et seq.

Plaintiff' s "Proof of Mailing and Contents Mailed" reflects that Plaintiff served her summons and complaint on Wells Fargo by placing true copies of the documents in "an envelope to be mailed via US Postal System, postage prepaid, following ordinary [sic] business, practice..." (Proof of Mailing and Contents Mailed, attached as Exhibit 1 to the Request for Judicial Notice.) This manner of service is insufficient to satisfy the requirements of CCP § 415.10, et seq.

////
////
////
////
////
////

## III. CONCLUSION

Based on the foregoing, Wells Fargo respectfully requests that the Court grant its motion to dismiss.

DATED: July 15, 2008

SEVERSON & WERSON
A Professional Corporation

By: /s/
SUZANNE M. HANKINS
JARLATH M. CURRAN, II
Attorneys for Defendants
WELLS FARGO BANK, N.A.
dba AMERICA'S SERVICING COMPANY

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the page of 18 and am not a party to this action. I am employed in the City of Irvine, California. My business address is Severson & Werson, 19100 Von Karman Avenue, Suite 700, Irvine, California 92612.

On the date below I served the within document(s) described as: **NOTICE OF MOTION AND MOTION TO DISMISSBY WELLS FARGO BANK, N.A., dba AMERICA'S SERVICING CO.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREF; REQUEST FOR JUDICIAL NOTICE IN SUPPORT FO WELLS FARGO BANK, N.A., dba AMERICA'S SERVICING COMPANY MOTION TO DISMISS; PROOF OF SERVICE** on the interested parties in this action:

☒ by placing ☐ the original ☐ true copy(ies) thereof enclosed in sealed envelope(s) ☐ addressed as follows: ☒ address as stated on the attached mailing list.

Estrella Costalas          Plaintiff pro se
12796 Isocoma Street
San Diego CA 92129

☒ **BY MAIL** (C.C.P. § 1013(a)) - I deposited such envelope(s) for processing in the mail room in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **BY FAX** (C.C.P. § 1013(a), (e), CRC 2008) - by use of facsimile machine telephone number (949) 442-7118, I caused a copy of said document(s) to be transmitted to the respective facsimile number(s) of the party(ies). The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2008(e), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐ **BY FEDERAL EXPRESS** - by depositing copies of the above document(s) in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☐ **BY HAND** - I caused an enveloped to be delivered by hand to the addressee(s) as follows.

1 ☐ **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☐ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 15, 2008 at Irvine, California.

By: _____
    MARISA PUNG

- 10 -

07685/0000/679470.1