UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA COSTALES,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICA'S SERVICING CO., *et al.,*<br><br>    Defendants. | Civil No. 08cv1079-L(JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AMERICA'S SERVICING COMPANY'S AND SPECIALIZED LOAN SERVICES' MOTIONS TO DISMISS (doc. no. 7 & 11) AND EXTENDING TIME FOR PLAINTIFF TO PROPERLY SERVE DEFENDANTS** |

Plaintiff Estrella Costales, proceeding *pro se*, filed a complaint pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. against three Defendants: (1) Wells Fargo Bank, N.A. dba America's Servicing Company, which was named as America's Servicing Co. ("America's Servicing"); (2) Specialized Loan Servicing, LLC, erroneously named as Specialized Loan Services ("Specialized"); and (3) Loan Center of California. America's Servicing and Specialized each filed a motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) and for failure to state a claim pursuant to Rule 12(b)(6). Plaintiff did not oppose the motions. For the reasons which follow, the motions are **GRANTED IN PART AND DENIED IN PART** and Plaintiff is granted an extension of time to properly serve Defendants.

Plaintiff filed a Certificate of Service indicating that the complaint "has been furnished" to Defendants. The certificate is insufficient as proof of service of summons for several reasons.

First, it does not appear that a summons was served together with the complaint as required by Rule 4(c)(1).  Second, contrary to the requirement of Rule 4(c)(2), it appears that service was accomplished by Plaintiff herself.  Last, the certificate does not state the manner in which the complaint was "furnished" to Defendants so as to show that the service complied with Rule 4(h).  Accordingly, Plaintiff's Certificate of Service does not comply with the requirements of Rule 4.

Plaintiff apparently accompanied the service with a Proof of Mailing and Contents Mailed, which Plaintiff did not file with the court.  (*See* Request for Judicial Notice in Support of Wells Fargo Bank, N.A., dba America's Servicing Company's Motion to Dismiss, Ex. 1.)  This document is in the form of a server's affidavit, and indicates that Plaintiff retained a third party server to mail the summons and the complaint by certified mail.

Because Defendants are business entities, Rule 4(h) governs the manner of service.  It provides that such defendants must be served

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Fed. R. Civ. Proc. 4(h)(1)(B).  Plaintiff did not comply with this requirement because she did not deliver any documents to Defendants' officers or agents as required.

In the alternative, Rule 4(h) allows for service by

> following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Fed. R. Civ. Proc. 4(h)(1)(A) & (e)(1).  Under California law, service by mail is sufficient as specified by California Code of Civil Procedure Section 415.30.  The summons and the complaint must be served together with a Notice and a form for Acknowledgment of Receipt of Summons.  The notice must state that service is provided under section 415.30, and that failure to complete the acknowledgment form and return it within 20 days may subject the defendant to liability for the cost of service by other means.  Cal. Code Civ. Proc. § 415.30(b).  Service by this method is deemed complete on the date the acknowledgment is signed by the defendant.  *Id*.

/ / / / /

§ 415.30(c). Because Plaintiff's service by mail did not comply with these requirements, it was insufficient.

Accordingly, America's Servicing's and Specialized's motions are granted to the extent they are based on Rule 12(b)(5) and assert failure to properly serve. To the extent their motions are based on Rule 12(b)(6) and assert failure to state a claim, they are denied without prejudice as premature.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant Wells Fargo Bank, N.A. dba America's Servicing Company's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

2. Defendant Specialized Loan Servicing, LLC's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

3. Plaintiff's defective service of Wells Fargo Bank, N.A. dba America's Servicing Company and Specialized Loan Servicing, LLC is hereby **QUASHED**.

4. Plaintiff's time to serve Defendants under Rule 4(m) is extended. No later than 60 days after this order is stamped filed, Plaintiff shall file a proof of service as required by Rule 4 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

DATED: March 5, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL